No. 50,708
Bar Docket No. 5860

IN THE MATTER OF THE COMPLAINTS AGAINST LEO N. JOHNSON.

(608 P.2d 1012)

ORDER OF SUSPENSION

ON this 24th day of March, 1980, at 1:30 p.m., this matter comes before the court on an order issued to Leo N. Johnson to appear and show cause why he should not be suspended or disbarred from the further practice of law. Leo N. Johnson fails to appear either in person or by counsel. Thereupon, the court receives a report of the investigation of the Disciplinary Administrator and being fully informed finds:

1. On the 20th day of March, 1980, Leo N. Johnson was personally served by the Sheriff of Morris County, Kansas, with a copy of the order of this court directing the said Leo N. Johnson to appear before this court on the 24th day of March, 1980, at 1:30 p.m. to show cause why he should not be disbarred or indefinitely suspended.

2. On the 24th day of March, 1980, Leo N. Johnson advised the Disciplinary Administrator, by telephone, that he did not intend to comply with the order to appear and show cause and did, in fact, fail to appear at the scheduled time.

3. On March 8, 1979, Leo N. Johnson, then a member of the bar of the State of Kansas, was indefinitely suspended from the practice of law by this court in proceedings originally instituted before the State Board of Law Examiners (now the State Board for Discipline of Attorneys) for failing to properly represent clients and for neglecting the legal affairs of clients.

4. That excessive use of alcoholic beverages resulting in the neglect of client's affairs was one of the major factors contributing to the issuance of the original suspension order.

5. On the 18th day of December, 1979, Leo N. Johnson, after petitioning and appearing before this court, was reinstated to the practice of law subject to the following orders:

"IT IS FURTHER ORDERED that Leo N. Johnson shall totally abstain from the use of intoxicating liquor and beverages, including 3.2 per cent beer.

"IT IS FURTHER ORDERED that in the event it comes to the attention of the Court that respondent has resumed the use of alcoholic beverages, including beer, or has violated any of the Canons of Professional Ethics, or disciplinary rules, a show cause order may issue to the respondent and the Court may take such disciplinary action, including disbarment, as it deems just and proper without further formal proceedings of any kind."

6. Leo N. Johnson has violated the order of reinstatement issued by this court December 18, 1979, in that he has continued in the excessive use of alcoholic beverages and has neglected the legal business of his clients and has neglected his official duties as the appointed County Attorney of Morris County, Kansas.

7. It is the unanimous opinion of the court that Leo N. Johnson should be indefinitely suspended from the further practice of law.

IT IS THEREFORE BY THE COURT ORDERED that Leo N. Johnson be and he is hereby indefinitely suspended from the practice of law in the State of Kansas until the further order of this court.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts shall remove the name of Leo N. Johnson from the active list of attorneys in the State of Kansas and notify all interested parties of this action.