No. 73,307

In the Matter of LEO N. JOHNSON, *Respondent*.

(895 P.2d 1256)

Opinion filed June 2, 1995.

*Stanton A. Hazlett*, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*Wayne E. Hundley*, of Topeka, argued the cause for respondent, and *Leo N. Johnson*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Leo N. Johnson, of Council Grove, an attorney admitted to the practice of law in the State of Kansas.

The formal complaint filed against respondent alleged violations of MRPC 1.4 (1994 Kan. Ct. R. Annot. 302); 1.15 (1994 Kan. Ct. R. Annot. 332); and 8.4(d) (1994 Kan. Ct. R. Annot. 379); and Supreme Court Rule 207 (1994 Kan. Ct. R. Annot. 199). Respondent filed an answer.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on November 1, 1994, in Topeka, Kansas. Respondent appeared in person and by his counsel, Wayne E. Hundley.

Respondent has previously appeared before this court. He was indefinitely suspended in 1980, *In re Johnson*, 227 Kan. 478, 608 P.2d 1012 (1980), and subsequently reinstated in 1989. In 1992, he was disciplined by public censure. *In re Johnson*, 250 Kan. 286, 822 P.2d 72 (1992). The present complaint arises out of respondent's being retained to represent a client in a divorce action. Respondent was paid $800 to represent the client, but, before the action could be commenced, the client died. Respondent failed to respond to the request by the attorney for the client's estate that respondent account for the $800 fee. Respondent subsequently failed to respond to the Disciplinary Administrator's inquiries and

later to the investigating attorney during the investigation of the complaint.

The hearing panel concluded that respondent violated MRPC 1.15(a), (b), (c), and (d)(1)(ii) and (2); 8.4(d), and Supreme Court Rule 207. The panel found that respondent did not violate MRPC 1.4, and that claim was dismissed.

The panel recommended a one-year suspension, stating:

"Respondent's efforts to gain reinstatement and his commitment to abstain from alcohol are to be commended. The panel cannot overlook, however, the serious nature of the ethical violations in both cases that have arisen after Respondent's reinstatement and his failure to cooperate in both investigations. Neither case arises out of dependency on alcohol. The panel finds Respondent's lack of cooperation with the Disciplinary Administrator's office particularly troubling. . . .

". . . Moreover, the panel cannot and does not condone Respondent's attitude in this case when a question regarding fees arose . . . stating he felt the estate could sue him if he had overcharged the decedent. Unfortunately, this response exemplifies Respondent's actions in this matter and his demeanor before the panel.

"The panel is mindful that Respondent's actions did not significantly delay closing the estate in this case, but the negative effect of those actions was felt by the parties involved. The timing of Respondent's payment of $400.00 to [complainant] is suspect as well. He failed to timely make a good faith effort to make restitution or to rectify the consequences of his misconduct.

"This panel cannot and will not ignore the serious violations of the disciplinary rules and the Respondent's refusal to cooperate in the investigation herein. Accordingly, it is the unanimous recommendation of the panel that Respondent be disciplined by suspension from the practice of law for a period of one year pursuant to Rule 203(a)(2) [1994 Kan. Ct. R. Annot. 189] and costs be assessed to Respondent."

This court shares the concerns expressed by the panel. However, as noted by the panel, respondent is a recovering alcoholic, and since 1984 he has not had a drink and regularly attends Alcoholics Anonymous meetings. His struggle is ongoing and continuous. He still evidences behavior which the respondent describes as that of "a dry alcoholic." Such behavior, in the present case, was simply a failure to respond to a simple inquiry. Had respondent responded to the requests of the attorney for the estate or to the Disciplinary Administrator's office, he would not be before this court. Respondent's remarks to the court indicate an awareness that his failure

to respond in the present case is unacceptable and a willingness to take whatever action is necessary to prevent a reoccurrence of such behavior in the future. A majority of the court feels that imposition of discipline should be suspended and respondent placed on probation.

IT IS THEREFORE THE ORDER OF THE COURT that the imposition of discipline against Leo N. Johnson be and is hereby suspended, and he is placed on probation for a period of two years from the date of this order on condition that he continue to regularly attend AA meetings, submit to the Disciplinary Administrator a plan for obtaining counseling and/or assistance to ensure that such behavior will not be repeated, make whatever written reports are required by the Disciplinary Administrator, and not violate any of the Model Rules of Professional Conduct; that he take an additional 10 hours of CLE in ethics; and that he cooperate fully with the Disciplinary Administrator.

IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set forth herein, a show cause order shall forthwith issue to respondent, and this court will take whatever disciplinary action it deems necessary without further formal proceedings.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.